Wilde, J.
Two questions are raised on the bill and answer : 1st, Whether the plaintiff has any equitable lien on the estate described in the bill; and 2d, if he has, whether he is entitled to the relief prayed for, during the minority of Elliot S. Heath, one of the defendants.
By the common law, where one joint-tenant or tenant in common of a house or mill is willing to repair, and the others will not, he who is willing to repair has a right to make all *80 necessary and useful repairs, and may have his writ de reparar tione fatienda against the other tenants, to obtain contribution. To sustain such an action, there must be a request to join in the reparation, and a refusal; and the expenditures must have been previously made. This writ, therefore, would not lie where the repairs had been made under an agreement, express or implied. 4 Kent Com. (3d ed.) 370. 2 Story on Eq. <§> 1235. But the doctrine of contribution in equity is more ample than at law, and is founded on the principle that where parties stand in cequali jure, equality of burthen becomes equity. And so if repairs be made and.paid for by one of the tenants, for the common benefit of the other tenants, they, in equity, would be held to contribute ratably for such useful expenses. And not only would they be personally liable to contribution, but their estates also would be subjected to a lien, whether the tenants agreed to repair or not, if 'by the repairs a common benefit has been conferred on the owners, so that ex cequo et bono they ought to pay for such a benefit. 1 Eq. Cas. Ab. 291. eremy Eq. Jurisd. 86. Percy v. Millaudon, 18 Martin, 616 2 Story on Eq. §. 1236.
To apply these principles to the present case, it appears clearly that Frederick A. Heath is liable to contribution, by his express agreement. That was a valid agreement, and the plaintiff had a lien on his estate in the premises, which has been defeated, it is true, by the death of his wife ; but that does not discharge him from his personal liability. If Elliot S. Heath, his son, be bound to contribute, the father may have recourse to him for indemnity. And if he should receive the rents during the minority of his son, he will be entitled to retain them, by crediting them in his account of guardianship. If the son be not liable, and there be no lien on his estate, the loss must fall on his father,, rather than on the plaintiff.
But, admitting that there is a lien on the estate of Elliot S. Heath, and that to avoid circuity of action the plaintiff might enforce his claim of contribution against him or his estate; the question then is, whether the claim can be enforced during his minority; and we are of opinion that it cannot. No decree *81 can be made against an infant, without having a day given him to show cause, after he comes of age. 2 Mad. Ch. Pract. 352 So if there be several parties to a suit in chancery, and it appears that any one of the defendants is an infant, and a decree is prayed against him, he must have a day given him to show cause, after he shall attain his age of 21 years ; and he is to be served with process for that purpose. According to the English rule, six months are allowed to show cause why the decree against him should not be made absolute. If an answer be put in by his guardian, it will not conclude him, nor can it be read against him ; but he may put in a new answer, and make a new defence; so that the previous decree is of no force against him, unless made absolute after he has failed to show cause. Sayle & Freeland’s case, 2 Vent. 350, 351. 2 Fowler’s Exch. Pract. (2d ed.) 170—172. Thomas v. Gyles, 2 Vern. 232. Harris v. Youman, 1 Hoffm. R. 178, and cases there cited. This privilege of an infant does not depend on his right to have the parol demur. That right has been abolished in England and in New York ; yet it has since been held, both in England and in New York, that the rule giving an infant a day, after his attaining his majority, to show cause, is still in force. There are many cases where the infant may be bound, and his estate may be bound or disposed of by his guardian; but these cases de pend on statutes, such as the law relating to the partition of real estate; sales by guardians, by license, &c. But there is no statute which authorizes the guardian to sell the minor’s estate, or to mortgage it for the security of the plaintiff. Nor has the court power to give him any such authority.
And besides ; if there be any lien on the minor’s estate, it is not created by the agreement under which the plaintiff made his advances. Neither he, nor his mother, was bound by that agreement, by reason of her coverture. We think, therefore, that if any bill could be now sustained, it would be for ttse purpose of restraining the minor and his guardian from taking any share .of the rents and profits, until the minor shall arrive at full age, unless they pay or secure to the plaintiff such portion of the money advanced, as ex tequo et bono the minor will be bound *82 to contribute, on his arrival at full age. It is not stated in the bill, nor was it suggested in the argument of counsel, that the guardian has claimed any part of the rent of the store ; and if the plaintiff should receive the minor’s share of rent, he may be fully indemnified, before the minor may arrive at full age.
And furthermore; we are inclined to the :pinion, that if Elliot S. Heath were not a minor, the plaintiff would be held to look to the rents for his indemnity, as he was in no respect bound by the agreement of his parents. If his mother had been bound by that agreement, the plaintiff’s claim would rest on different principles. But the agreement, on her part, was void, and consequently could not bind her heir. It seems therefore, in equity, that the plaintiff must look to the rents of the estate for contribution and indemnity, and that the defendant will not be bound to contribute, until he shall claim his share of the rents; although, before the plaintiff shall be fully indemnified, the defendant may arrive at full age. But however this may be, we are of opinion, that during the minority of Elliot S. Heath, the plaintiff is not entitled to the relief prayed for, and that it would be useless to enter a decree against the infant, which could not be made absolute against him until after his coming of age.

Bill dismissed without prejudice.